IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
Pittsburgh Division

JEFFREY HAWK,

    Plaintiff,

vs.                              Civil Action No.:  2:22-cv-1181

HARTFORD LIFE AND
ACCIDENT INSURANCE
COMPANY,

    Defendant.

## COMPLAINT

The plaintiff, JEFFREY HAWK, sues the Defendant, HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY (hereinafter "HARTFORD") and states:

### Nature of Action and Jurisdiction

1. This is an action for legal and/or equitable relief under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq.

2. This Court has jurisdiction pursuant to 29 U.S.C. § 1131(e) and (f).

### Parties

3. At all times material hereto, Plaintiff was a resident of Fayette County, Brier Hill, Pennsylvania.

4. At all times material hereto, Defendant HARTFORD, a corporation licensed to do business in the State of Pennsylvania, was charged with making the final benefits determination at issue under the Wal-Mart Stores, Inc. Group Disability Plan, including the determination made on Plaintiff's claim.

1

## Standard of Review

5. Under ERISA, the standard of review is *de novo* when the claims administrator fails to act or fails to exercise its discretion.

6. Defendant HARTFORD is the entity that determines eligibility for benefits under the Policy.

7. Defendant HARTFORD's failure to comply with ERISA's claims procedure and failure to exercise its discretion requires applying the *de novo* review.

## Statement of Facts

8. Plaintiff was an employee of Wal-Mart Stores, Inc.

9. At all times material hereto, Plaintiff is and/or was a participant in the Wal-Mart Stores, Inc. Group Disability Plan that provided for Long Term disability benefits (hereinafter "LTD Plan"). According to the LTD Plan, Defendant HARTFORD has the "full discretion and authority to determine eligibility for benefits and to construe and interpret all terms and provisions of The Policy" under LTD Plan.

10. The LTD Plan was funded through a contract of insurance issued by HARTFORD, who pays claims from its own general assets.

11. The LTD Plan contains the following definition of disability:

"*Total Disability or Totally Disabled means You are prevented from performing the Essential Duties of:*

> *1) Your Occupation or a reasonable Alternative Job offered to You by the Employer during the Elimination Period and for the 12 months following the Elimination Period, and as a result Your Current Monthly Earnings are less than 20% of Your Pre-disability Earnings, and 2) after that, Any Occupation.*"

12. Plaintiff was previously found disabled on or about July 20, 2005 and eligible for Long Term disability benefits under the LTD Plan beginning on or about October 21, 2005.

13. By letter dated December 20, 2021, Defendant HARTFORD informed Plaintiff that he no longer met the definition of disability as defined in the LTD Policy and ceased paying benefits as of December 21, 2021.

14. By letter dated April 22, 2022, Defendant HARTFORD confirmed Plaintiff's intent to appeal and the appeal deadline of 18 months from December 20, 2021 or 8 months following the end of the national emergency declaration, whichever was first. This letter also provided the fax number and address of where to send the appeal.

15. Plaintiff requested reconsideration of the December 20, 2021 decision on July 1, 2022, and included new medical evidence, medical opinion evidence, and vocational evidence.

16. Defendant HARTFORD did not render a decision within 45 days of Plaintiff's July 1, 2022 appeal; i.e. by August 15, 2022.

17. Between July 1, 2022, and August 15, 2022, Defendant HARTFORD did not notify Plaintiff that it needed an extension of time.

18. Between July 1, 2022, and August 15, 2022, Defendant HARTFORD did not notify Plaintiff about any special circumstances beyond its control to warrant an extension of time beyond 45 days to decide Plaintiff's appeal.

19. Plaintiff's administrative remedies were exhausted on August 15, 2022.

## Cause of Action

20. Plaintiff repeats each and every allegation contained in paragraphs 1 through 19 as if set forth fully herein.

21. The LTD Plan provides that Plaintiff is entitled to Long Term disability benefits if he meets the definition of Disabled.

22.     Plaintiff has met the definition of Disabled within the meaning of the LTD Plan and is entitled to disability as of December 21, 2021 and through the present.

23.     Defendant HARTFORD, since December 21, 2021, has failed and refused to pay Long Term disability benefits to Plaintiff and such failure and refusal constitutes an improper denial of benefits pursuant to a disability plan governed by ERISA.

24.     Plaintiff has been required to obtain the services of the undersigned attorney in this matter and has agreed to a reasonable attorney fee as compensation to him for his services. Pursuant to 29 U.S.C. § 1132(g) Plaintiff is entitled to a reasonable attorney's fee and costs of action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, JEFFREY HAWK, asks this Court to enter judgment against Defendant HARTFORD, finding that:

(a) Plaintiff met the definition of Disabled under the LTD Plan as of December 21, 2021 and through the present;

(b) Plaintiff is entitled to Long Term disability benefits from December 21, 2021 through the present;

(c) An award reasonable attorney's fees and costs incurred in this action is proper; and

(d) Any such other and further relief this Court deems just and proper, including but not limited to a declaration that Plaintiff's same claim for benefits continues after the last date of benefits awarded by the Court, without need to file a new application for benefits, and remanding Plaintiff's claim to Defendant HARTFORD for further action to address continuing benefits after the final date of benefits awarded by this Court.

Respectfully Submitted,

*/s/ Erik W. Berger*
ERIK W. BERGER
PA ID # 78141
Osterhout Berger Disability Law, LLC
2002 San Marco Blvd, Suite 203
Jacksonville, FL 32207
P: 904-733-2817
F: 412-794-8511
eberger@obl.law
*August 16, 2022*

5